IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL MICKEY FRADIUE,

    Petitioner,               No. CIV S-00-2209 WBS JFM P

    vs.

CHERYL K. PLILER, et al.,

    Respondents          FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding through counsel with an application for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his 1998 conviction for possession of heroin on June 26, 1997 in state prison. The jury found true petitioner's seven prior convictions. (CT 153-65.) Petitioner was acquitted of charges he possessed marijuana and heroin on November 25, 1997 in state prison.

        On April 25, 2005, counsel was appointed to represent petitioner. On June 3, 2005, the parties were ordered to submit supplemental briefing. On August 2, 2005, petitioner filed a motion to stay and abey the instant action while petitioner returns to state court to exhaust state court remedies. On August 25, 2005, respondents filed an opposition to petitioner's motion.

/////

1

Petitioner's motion to stay and abey this case came on regularly for hearing September 8, 2005. Carolyn M. Wiggin, Assistant Federal Defender, appeared for petitioner. John A. Thawley, Deputy Attorney General, appeared for respondents. Upon review of the motion and the documents in support and opposition, upon hearing the arguments of counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

I.  October 11, 2000 Petition

Petitioner raises two claims in his 2000 petition. First, petitioner alleges his Fifth Amendment right to remain silent, as well as his Fourteenth Amendment right to due process, were violated by the admission of statements taken from him in prison by a correctional officer investigating an alleged crime because petitioner was not first given Miranda[1] warnings.

Second, petitioner alleges his 25 years-to-life sentence for possessing .08 grams of heroin while in prison violates the Eighth Amendment proscription against cruel and unusual punishment.

II. Petitioner's Motion to Stay and Abey

Petitioner seeks a stay of this action pending exhaustion of state remedies as to his claim of ineffective assistance of trial counsel. Specifically, petitioner now alleges defense counsel was ineffective at the suppression hearing, held on the Miranda violation claim, because counsel failed to more fully elicit the facts surrounding the circumstances of petitioner's inculpatory statement to Callahan. Respondents oppose the motion, contending that petitioner has failed to show "good cause" for his failure to exhaust the claim in state court before raising them in this action, and that the claims are "plainly meritless" because petitioner cannot demonstrate prejudice from defense counsel's allegedly deficient performance.

---

[1] In Miranda v. Arizona, the United States Supreme Court held that custodial interrogation must be preceded by advice to the potential defendant that he has the right to consult with a lawyer, the right to remain silent and that anything he says can be used in evidence against him. 384 U.S. 436, 469-73 (1966).

In Rhines v. Weber, ___ U.S. ___, 125 S.Ct. 1528 (2005), the United States Supreme Court held that a district court has authority to stay a mixed petition pending exhaustion of unexhausted claims in "limited circumstances," i.e., "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 1535. The Court also held that it would be an abuse of discretion to stay federal habeas corpus proceedings pending exhaustion of a "plainly meritless" claim. Id.

Here, the question of "good cause" for the failure to first exhaust the new claim in state court is intertwined with petitioner's claim that defense counsel was ineffective in his efforts to suppress the statements challenged under Miranda. Considerations of comity dictate that the state courts be first given an opportunity to consider that claim before this court addresses its merits. See Rhines, at 1532-33 (citing Rose v. Lundy, 455 U.S. 509 (1982)). Moreover, the record presently before this court does not support a finding that petitioner's Miranda claim is "plainly meritless." See Mathis v. United States, 391 U.S. 1 (1968) (reversed conviction for tax fraud because incriminating statements obtained by an IRS agent while the defendant was incarcerated in state prison on other charges had not been preceded by Miranda warnings). There is no evidence petitioner has engaged in dilatory litigation tactics. Rhines at 1535.

For the foregoing reasons, petitioner's motion to stay should be granted and petitioner should be directed to file a motion to lift the stay not later than thirty days after resolution of his unexhausted claims by the California Supreme Court. See Rhines, at 1535.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's August 2, 2005 motion to stay be granted;

2. This action be stayed pending exhaustion of state remedies as to petitioner's claim of ineffective assistance of trial counsel as it relates to petitioner's Miranda claim;

/////

/////

3. Petitioner be directed to file a motion to lift the stay within thirty days from the date of any order by the California Supreme Court resolving the claims referred to in paragraph 2 of this recommendation; and

4. The Clerk of the Court be directed to administratively close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **ten** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within **five** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 8, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

1frad2209.sta