IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL MICKEY FRADIUE,

    Petitioner,                      No. CIV S-00-2209 MCE JFM P

    vs.

JAMES WALKER, Warden,

    Respondent.

_____/    ORDER

        Petitioner is a state prisoner proceeding through counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner's motion for discovery came on regularly for hearing December 6, 2007.  Carolyn M. Wiggin, Assistant Federal Defender, appeared on behalf of petitioners.  Sean M. McCoy, Deputy Attorney General, appeared for respondent.  Upon review of the motion and the documents in support and opposition, upon hearing the arguments of counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        Petitioner seeks production of certain documents pertinent to the serious rules violation charges brought as a result of prison staff finding heroin in petitioner's cell in July of 1997, pursuant to Rule 6 of the Rules Governing Section 2254 Cases and Fed. R. Civ. P. 34, as follows:

        (1) All documents pertaining to the serious rules violation charges brought as a result of the fact that staff at California State Prison, Sacramento (hereafter CSP-SAC) found heroin in petitioner's cell in July of 1997.  This includes documents related to the decision to search the cell, the results of the search, the decision to detain petitioner and his cellmate after the

search, the manner in which petitioner was detained and transferred into the Administrative Segregation Unit (hereafter "Ad. Seg.") of the prison, investigation that was done into the incident, charges that were brought as the result of the incident, and disposition of the incident.

(2)  All documents pertaining to the activities of Correctional Officer Clarence Callahan, the Investigative Employee assigned to the serious rules violations charges resulting from the 1997 discovery of heroin in petitioner's cell, in connection with the serious rules violation proceedings brought against petitioner.

(3)  All documents describing the physical layout as of 1997 of the "rotunda" petitioner was brought to when he was initially detained in connection with the 1997 discovery of heroin in his cell.

(4)  All documents describing the physical layout as of 1997 of the Ad. Seg. area of CSP-Sac in which petitioner was detained in connection with the 1997 discovery of heroin in his cell.  This includes but is not limited to lighting fixtures, beds within the cells, the size and condition of the exercise yard for Ad. Seg. prisoners as opposed to the exercise yard for general population prisoners, and the proximity of individual cells in the Ad. Seg. Unit to each other.

(5)  All documents describing or containing any laws, rules, regulations, or policies in place in 1997 with respect to extra restrictions placed on inmates detained within CSP-Sac's Ad. Seg. Unit as opposed to the general population areas of the prison.

(6)  All documents describing or containing any laws, rules, regulations, policies or training materials in place in 1997 with respect to the manner in which an Investigative Employee in CSP-Sac assigned to a serious rules violation was to carry out his duties with respect to serious rules violations.

(7)  All documents relating to the prison's decision to transfer petitioner from the general population section of the prison to the Ad. Seg. Unit in connection with the 1997 discovery of heroin in his cell, and to execution of the decision to make the transfer.

/////

2

1  (8) All documents that CSP-Sac prisoners would have been given by the prison as
2  of 1997 describing prison discipline and Ad. Seg.
3  Petitioner contends these documents are necessary to demonstrate he was in custody for purposes
4  of Miranda, which would support his argument that trial counsel was ineffective because he
5  failed to obtain said documents in connection with the motion to suppress the evidence.
6  Respondent opposes the requests, arguing petitioner has failed to show good cause
7  for the requested discovery.  Respondent argues that the hearing on the motion to suppress
8  petitioner's confession included descriptions of the layout of the facility where he was
9  questioned, as well as photographic evidence, and petitioner testified he was aware he could have
10 declined to make any statement to the investigative employee.  Respondent contends that any and
11 all reports generated by the investigating officers would have been available to petitioner and
12 defense counsel through discovery and petitioner has not made a showing that those reports were
13 not discovered or were not otherwise available as part of trial counsel's files.
14 Respondent also argues that requests 3, 4, 5, 6 and 8 are overbroad, contending
15 that most of the documents requested are matters of public record.  Petitioner responds that
16 because petitioner seeks documents governing the events of 1997, most of the documents are not
17 readily available to the public, and, in particular, the 1997 layout of ad seg would not be included
18 in the matters of public record.  Moreover, petitioner contends neither defense counsel nor
19 appellate counsel have files for the underlying criminal action.  (Petr.'s November 29, 2007
20 Reply at 4.)
21 Rule 6 of the Rules Governing Section 2254 Cases states:
22 
23 A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.
24 
25 Id.  The Supreme Court has construed Rule 6, holding that if, by setting forth specific allegations,
26 the petitioner can "show reason to believe that the petitioner may, if the facts are fully developed,

3

be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." Bracy v. Gramley, 520 U.S. 899, 908-09 (1997) (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)).

The Ninth Circuit Court of Appeals has pointed out that "[a] habeas petitioner does not enjoy the presumptive entitlement to discovery of a traditional civil litigant." Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir.1999) (citing Bracy, 520 U.S. at 903-05). "Rather, discovery is available only in the discretion of the court and for good cause shown . . . ." Id. The court instructed:

> Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to "explore their case in search of its existence."

Rich, 187 F.3d at 1067. Accordingly, a habeas petitioner will not be granted leave to conduct discovery based on allegations that are purely speculative or without any basis in the record. On the other hand, a petitioner is not necessarily required to plead specific facts entitling him to habeas relief prior to obtaining leave to conduct discovery.

Indeed, based on the Supreme Court's decision in Bracy, a petitioner may be able to establish good cause for discovery even though he posits only a plausible theory for relief. In Bracy, the petitioner sought discovery to support a claim that, because the judge in his case was convicted of taking of bribes from some criminal defendants, he was prone to "a sort of compensatory bias against defendants who did not bribe [him]." Bracy, 520 U.S. at 905. Although Bracy had not alleged facts sufficient to establish that his particular case was infected by such bias, the Supreme Court found that he was nonetheless entitled to conduct discovery based on evidence that "lend[ed] support" to an actual bias claim. Id., 520 U.S. at 909. Thus, a petitioner seeking leave to conduct discovery is not required to show that the requested discovery is likely to lead to habeas relief, only that there is "reason to believe" that it "may" do so. Id., 520 U.S. at 908-09.

/////

Respondent's arguments that the discovery requests are overbroad and seek information available to the public are well-taken.  The transcript from the <u>Miranda</u> hearing reflects that at least two photographs of the prison areas were admitted into evidence (although those photos do not appear to be part of this court's record) and the investigative employee was questioned about the layout of both the area where petitioner was first taken as well as administrative segregation.  To the extent that some of the information sought may have been previously provided to trial counsel, this information should be available either through defense counsel or the prosecution.  Accordingly, petitioner will be directed to depose defense counsel to ascertain the extent of any records defense counsel may still retain.  Respondent will be directed to contact the prosecutor to obtain all discovery documents retained in the prosecution's file.  Respondent will also be directed to obtain copies of the photographs admitted during the motion to suppress and lodge them in the court record.  Petitioner's motion to compel will be denied without prejudice to its renewal following the deposition and production of documents from either the defense counsel file or the prosecution file.

IT IS HEREBY ORDERED that:

1. Petitioner's October 19, 2007 motion for discovery is partially granted.

2. Within thirty days from the date of this order, petitioner shall notice the deposition of defense counsel, to be set within a reasonable time, as set forth above;

3. Within thirty days from the date of this order, respondent shall contact the prosecution and make arrangements to obtain copies of all discovery documents retained in the prosecution's file.  Respondent shall produce and make available for copying all of those discovery documents within ten days of their receipt from the prosecution's office.

4. Respondent shall obtain copies of the photographic evidence admitted at trial and lodge same with the court.

/////

/////

5. In all other respects, petitioner's motion for discovery is denied without prejudice.

DATED: April 17, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

001; frad2209.dsc