UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL MICKEY FRADIUE,　　　　　　No. 2:00-cv-02209-MCE-KJN P

　　　　Petitioner,

　　v.　　　　　　　　　　　　　　　ORDER

CHERYL K. PLILER et al.,

　　　　Respondents.

----oo0oo----

Petitioner Michael Mickey Fradiue ("Petitioner") is a state prisoner who filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1998 state court conviction for possession of heroin. This Court denied his habeas claims, and Petitioner now requests a certificate of appealability for the denial of federal habeas relief.

Petitioner claims that his rights under the Fifth and Fourteenth Amendments were violated by the unlawful admission at trial of incriminating statements he made without due warning, pursuant to Miranda v. Arizona, 384 U.S. 436 (1966).

1

1  Petitioner made the statements during an interview regarding
2  possession of heroin while housed in Administrative Segregation
3  ("Ad Seg") in prison, which he was relocated to after discovery
4  of the heroin.  He argues the circumstances rendered this line of
5  questioning "custodial interrogation" for the purposes of
6  <u>Miranda</u>.

7      A certificate of appealability may issue under 28 U.S.C.
8  § 2253(c).  The certificate of appealability must "indicate which
9  specific issue or issues satisfy" the requirement.  28 U.S.C.
10 § 2253(c)(3).  A certificate of appealability should be granted
11 for any issue that petitioner can demonstrate is "debatable among
12 jurists of reason," could be resolved differently by a different
13 court, or is "adequate to deserve encouragement to proceed
14 further."  <u>Jennings v. Woodford</u>, 290 F.3d 1006, 1010 (9th Cir.
15 2002) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)).[1]

16     Petitioner has not made a substantial showing of the denial
17 of a constitutional right.  <u>Miranda</u> rights are required only for
18 individuals in custodial interrogation, and an interview in Ad
19 Seg does not give rise to custodial interrogation.
20 ///
21 ///
22 ///
23 ///
24 ///
25

---

26     [1] Except for the requirement that appealable issues be specifically identified, the standard for issuance of a
27 certificate of appealability is the same as the standard that applied to issuance of a certificate of probable cause.
28 <u>Jennings</u>, 290 F.3d at 1010.

2

1    Unlike the classic form of custodial interrogation, such as
2 police interrogation or non-incarcerated custody detention,
3 individuals may be escorted to Ad Seg for a number of reasons
4 having nothing to do with the commission of a crime.[2]  Though
5 conditions in Ad Seg can be more restrictive than general
6 population, they are not restricted for the purpose of an
7 interrogation regarding the commission of a crime.
8    This Court recognizes that <u>Miranda</u> warnings are required for
9 custodial interrogations of prisoners.  <u>Mathis v. U.S.</u>, 391 U.S.
10 1, 4-5 (1968).  The Ninth Circuit has, however, warned against
11 creating a "per se rule that any investigatory questioning inside
12 a prison requires <u>Miranda</u> warnings" as such a rule could "totally
13 disrupt prison administration."  <u>Cervantes v. Walker</u>, 589 F.2d
14 424, 427 (9th Cir. 1978).  Aside from being interviewed by an
15 official about possession of heroin as he sat in his cell in Ad
16 Seg, Petitioner has provided no additional facts that would
17 establish a custodial interrogation.  Thus, in order to find that
18 Petitioner's constitutional rights were violated, a court must in
19 essence create a per se rule that any investigatory questioning
20 in Ad Seg is custodial interrogation for the purposes of <u>Miranda</u>.
21 ///
22 ///

---

[2] For example, a rumor of an impending matter that could threaten safety is sufficient justification to house individuals in Ad Seg while the matter is investigated.  Inmates may be placed in Ad Seg where their presence in the general population would threaten the safety of another inmate or endanger institution security.  Inmates who have received specific threats, or are generally at high risk for potential attack in the general population are frequently housed in Ad Seg for their own protection.

3

Such a holding is far too broad, and inappropriate under <u>Cervantes</u>.  Therefore, Petitioner's Application for Certificate of Appealability (ECF No. 62) is DENIED.

   IT IS SO ORDERED.

 Dated: March 31, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

4